DECISION
On August 9, 2010, Plaintiff filed her Complaint challenging Defendant's Notice of Deficiency Assessment dated July 16, 2010, for the 2009 tax year. Plaintiff included supporting documents with her Complaint, but those documents were not written in English. Defendant filed its Amended Answer on October 13, 2010, stating that "Plaintiff claimed three dependents living in Guatemala[] on her 2009 Oregon income tax return" and disagreeing that "dependents living in Guatemala can be claimed as dependents on Plaintiff's 2009 Oregon income tax return." (Def's Answer at 1.)
The court held a case management conference on November 1, 2010, during which the parties agreed that the court's decision would be based on written submissions. The court issued a Journal Entry on November 10, 2010, stating that the parties agreed that the court's decision would be based on written submissions and identifying deadlines for those submissions. The Journal Entry stated that, on December 6, 2010, Defendant's position paper was due, and on January 6, 2011, Plaintiff's optional reply was due and the record would close.[1] *Page 2 
Plaintiff did not provide written arguments or additional documents to the court. Defendant's representative, Kevin Cole (Cole), filed written arguments on January 4, 2011. Cole identified the two issues before the court as (1) whether "an individual living in Guatemala [can] qualify as a dependent for income tax purposes," and (2) whether "child care expenses paid for children living in Guatemala qualify for the Working Family Child Care Credit." (Def's Status Report at 1.) Cole concluded that, under the applicable statutes and rules, "the claimed dependents living in Guatemala cannot be claimed as dependents, [and] Plaintiff does not qualify for the Working Family Child Care Credit." (Id. at 2.)
Internal Revenue Code (IRC) section 152(b)(3)(A) states that "[t]he term `dependent' does not include an individual who is not a citizen or national of the United States unless such individual is a resident of the United States or a country contiguous to the United States."[2] The accompanying rule further clarifies that "to qualify as a dependent an individual must be a citizen or resident of the United States or be a resident of the Canal Zone, the Republic of Panama, Canada, or Mexico * * *."26 CFR § 1.152-2(a)(1). Based on the information that the court has received, the three children claimed by Plaintiff do not qualify as dependents because they are not "citizens or nationals of the United States" or "resident[s] of the United States or a country contiguous to the United States" as required by IRC section 152(b)(3)(A).
The definition of a "[q]ualifying child" for the working family child care credit is explicitly linked to the definition provided in IRC section 152: "`Qualifying child' has the meaning given that term in section 152 of the Internal Revenue Code." ORS 315.262(1)(f).[3] A "qualifying child" under IRC section 152(c)(1)(B) must have had "the same principal place of *Page 3 
abode as the taxpayer for more than one-half of such taxable year." The rules adopted by the Oregon Department of Revenue pertaining to the working family child care credit further state that a "[q]ualifying child" is one who "[l]ived more than half the year with the qualifying taxpayer." OAR 150-315.262(1)(d)(A). Plaintiff has provided no evidence that the three children claimed lived with her for more than half of the tax year at issue, 2009. Without such evidence, the court must conclude that Plaintiff does not qualify for the working family child care credit under ORS 315.262.
Plaintiff has the burden of proof and must establish her case by a preponderance of the evidence. ORS 305.427. Plaintiff has provided no evidence that the three children claimed as dependents are "citizens or nationals of the United States" or "resident[s] of the United States or a country contiguous to the United States" as required by IRC section 152(b)(3)(A). Plaintiff has provided no evidence that the three children lived with Plaintiff for more than one-half of the 2009 tax year at issue, as required by ORS 315.262. For those reasons, the court concludes that, for the 2009 tax year, the three children living in Guatemala do not qualify as dependents and that Plaintiff does not qualify for the working family child care credit. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tem Allison R.Boomer on March 1, 2011. The Court filed and entered this documenton March 1, 2011.
[1] The Journal Entry contained a typographical error, listing Plaintiff's optional reply deadline as "January 6, 2010," rather than 2011. The parties agreed to the deadlines at the case management conference on November 1, 2010, including the January 6, 2011, deadline. The Journal Entry served to memorialize the deadlines verbally agreed to at the case management conference; Plaintiff's optional reply was due January 6, 2011, and the record closed on that day.
[2] All references to the IRC and accompanying regulations are to the 1986 code and include updates applicable to 2009.
[3] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2007. *Page 1